# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| WILLIAM JONES, | ) |
|     *Petitioner*, | ) Case Nos. 1:18-cv-257, 1:17-cr-71 |
| v. | ) Judge Travis R. McDonough |
| UNITED STATES OF AMERICA, | ) Magistrate Judge Christopher H. Steger |
|     *Respondent*. | ) |

## MEMORANDUM OPINION

Before the Court is Petitioner William Jones's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 3). Respondent, United States of America, opposes Petitioner's motion. (Doc. 7.) For the following reasons, the Court will **DENY** Petitioner's § 2255 motion (Doc. 3).

### I.   BACKGROUND

On April 25, 2017, Petitioner was charged in a one-count indictment with possession with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C). (Doc. 11 in No. 1:17-cr-71.) On October 10, 2017, Petitioner pleaded guilty pursuant to a written plea agreement. (Doc. 30 in No. 1:17-cr-71; *see also* Doc. 19 in No. 1:17-cr-71.) Based on Petitioner's offense level and criminal history, the Court calculated his advisory guidelines range as 46 to 57 months' imprisonment. (*See* Docs. 35, 42 in No. 1:17-cr-71.) On January 26, 2018, the undersigned accepted the plea agreement and sentenced Petitioner to 48 months' imprisonment. (Doc. 41 in No. 1:17-cr-71.) Petitioner filed a direct appeal but

later moved to voluntarily dismiss the appeal pursuant to Rule 42 of the Federal Rules of Appellate Procedure. (Doc. 49 in No. 1:17-cr-71.) On October 29, 2018, Petitioner filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 3.) This motion is now ripe for the Court's review.

## II. STANDARD OF REVIEW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

In ruling on a motion made pursuant to § 2255, the Court must also determine whether an evidentiary hearing is necessary. "An evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief." *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (quoting *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)); *see also* 28 U.S.C. § 2255(b). "The burden for establishing entitlement to an evidentiary hearing is relatively light, and where there is a factual dispute, the *habeas* court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Id*. (internal quotations omitted). While a petitioner's "mere assertion of innocence" does not entitle him to an evidentiary hearing, the district court cannot forego an evidentiary hearing unless "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or

2

conclusions rather than statements of fact." *Id*. When petitioner's factual narrative of the events is not contradicted by the record and not inherently incredible and the government offers nothing more than contrary representations, the petitioner is entitled to an evidentiary hearing. *Id*.

### III. TIMELINESS OF PETITION

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

As noted above, Petitioner filed a notice of appeal, but subsequently moved to voluntarily dismiss his appeal. The Sixth Circuit entered its order of dismissal on August 6, 2018. (Doc. 49.) Under § 2255(f)(1), Petitioner then had one year, or through August 6, 2019, to file his § 2255 motion. *See, e.g.*, *Flores v. United States*, No. EP-06-CA-240-DB, 2007 WL 496711, at *3 (W.D. Tex. Jan. 24, 2007); *Morales v. United States*, No. 600CR104ORL19JGG, 2005 WL 1944655, at *2 (M.D. Fla. Aug. 15, 2005); *Stern v. United States*, No. 2:02-CR-021, 2005 WL 2922457, at *2 (S.D. Ohio Nov. 3, 2005), *report and recommendation adopted*, No. CRIM. 2:02-CR-021, 2005 WL 3338704 (S.D. Ohio Dec. 8, 2005). Petitioner filed the instant motion on October 29, 2018, well within the one-year window for requesting collateral relief. Accordingly, Petitioner's § 2255 motion is timely filed.

## IV. ANALYSIS

Petitioner asserts that he is entitled to relief under 28 U.S.C. § 2255 on two grounds: (1) there was no probable cause for his arrest or to search his vehicle; and (2) he received ineffective assistance of counsel. (*See* Doc. 3.)

### A. Probable Cause for the Arrest and Search

In full, Petitioner's § 2255 motion contains the following allegations with respect to his first claim for relief:

> There was [a] warrantless arrest made by officers. There was evidence improperly seized from defendant. There was no probable cause, and there was no probable cause to support the warrant and the evidence improperly seized cannot be save[d] by the *Leon* good-faith exception.

(Doc. 3, at 4.) A petitioner filing a § 2255 motion "must set forth facts which entitle him to relief." *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *Id.* Because Petitioner's § 2255 motion contains only conclusory allegations unsupported by facts, he is not entitled to relief on this claim. *See, e.g.*, *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959).

### B. Ineffective Assistance of Counsel

To collaterally attack his conviction based on ineffective assistance of counsel, Petitioner must establish "that [his] lawyers performed well below the norm of competence in the profession and that this failing prejudiced [his] case." *Caudill v. Conover*, 881 F.3d 454, 460 (6th Cir. 2018) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The performance inquiry requires the defendant to "show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The prejudice inquiry requires the defendant to "show that there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *See Rodriguez-Penton v. United States*, 905 F. 3d 481, 487 (6th Cir. 2018) (quoting *Strickland*, 466 U.S. at 694). "[T]he inability [of the petitioner] to prove either of the prongs—regardless of which one—relieves the reviewing court of any duty to consider the other." *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (en banc).

There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland, 466 U.S.* at 689. Therefore, the court should resist "the temptation to rely on hindsight . . . in the context of ineffective assistance claims." *Carson v. United States*, 3 F. App'x 321, 324 (6th Cir. 2001); *see also Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.").

Petitioner contends his counsel was ineffective for failing to: (1) suppress his warrantless arrest; (2) not objecting to or challenging the "Discovery Material"; (3) not challenging the weight of the cocaine that was seized; and (4) not challenging the confidential source "as being a [confidential informant]." (Doc. 3.) Like Petitioner's first claim, Petitioner's claim for ineffective assistance of counsel contains only conclusory allegations unsupported by facts. Thus, he is not entitled to relief on this claim. *See, e.g.*, *Loum*, 262 F.2d at 867. Additionally, Petitioner fails to allege any basis on which his counsel could have moved to suppress evidence or could have raised challenges to the discovery material, the weight of the seized cocaine, or the confidential informant. *Strickland*, 466 U.S. at 688. Nor does Petitioner detail how the result of

the proceeding might have been different had his counsel taken such actions. *Id.* at 694. Accordingly, Petitioner has failed to make an adequate showing for relief under § 2255.

Petitioner has identified no other grounds for relief under § 2255. Because Petitioner has not established any basis for granting his § 2255 motion, the motion will be **DENIED**.

## V. CONCLUSION

For the reasons stated herein, the Court finds that no evidentiary hearing for this motion brought pursuant to 28 U.S.C. § 2255 is necessary and, on the basis of the record before it, that Petitioner is not entitled to relief. Accordingly, the Court **DENIES** Petitioner's § 2255 motion (Doc. 3). Should Petitioner give timely notice of an appeal from this Order, such notice will be treated as an application for a certificate of appealability, which is **DENIED** because he has failed to make a substantial showing of the denial of a constitutional right or to present a question of some substance about which reasonable jurists could differ. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Additionally, the Court has reviewed this case pursuant to Rule 24 of the Federal Rules of Appellate Procedure and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is **DENIED**. *See* Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**