# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | | |
|---|---|---|
| WILLIAM JONES, | ) | |
| | ) | Case Nos. 1:18-cv-257, 1:17-cr-71 |
| Petitioner, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner William Jones's *pro se* motion to amend or supplement his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 10 in 1:18-cv-257).[1] For the following reasons, the Court will **GRANT** Jones's motion to the extent he seeks to amend or supplement his § 2255 motion but **DENY** Petitioner's motion to the extent it seeks relief under § 2255.

## I.     BACKGROUND

On April 25, 2017, Petitioner was charged in a one-count indictment with possession with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1)

---

[1] Although Petitioner labeled his filing as a motion to vacate, set aside, or correct his sentence, it was docketed as a motion for reconsideration. (Doc. 10 in 1:18-cv-257.) However, it appears Petitioner signed and mailed the instant motion prior to receiving the Court's order denying his previous § 2255 motion. Accordingly, the Court declines to construe it as a motion for reconsideration or a second or successive § 2255 motion. Because Petitioner's motion appears to add new claims and provide further factual support for claims which the Court previously denied, the Court construes Petitioner's motion as a motion for leave to amend or supplement his initial § 2255 motion.

and 841(b)(1)(C). (Doc. 11 in No. 1:17-cr-71.) On October 10, 2017, Petitioner pleaded guilty pursuant to a written plea agreement. (Doc. 30 in No. 1:17-cr-71; *see also* Doc. 19 in No. 1:17-cr-71.) Based on Petitioner's offense level and criminal history, the Court calculated his advisory guidelines range as forty-six to fifty-seven months' imprisonment. (*See* Docs. 35, 42 in No. 1:17-cr-71.) On January 26, 2018, the undersigned accepted the plea agreement and sentenced Petitioner to 48 months' imprisonment. (Doc. 41 in No. 1:17-cr-71.) Petitioner filed a direct appeal but later moved to voluntarily dismiss the appeal pursuant to Rule 42 of the Federal Rules of Appellate Procedure. (Doc. 49 in No. 1:17-cr-71.) On February 25, 2019, Petitioner filed the instant motion for leave to amend his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 10 in 1:18-cv-257). This motion is now ripe for the Court's review.

## II. STANDARD OF REVIEW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

In ruling on a motion made pursuant to § 2255, the Court must also determine whether an evidentiary hearing is necessary. "An evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief." *Martin v. United States*, 889 F.3d

827, 832 (6th Cir. 2018) (quoting *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)); *see also* 28 U.S.C. § 2255(b). "The burden for establishing entitlement to an evidentiary hearing is relatively light, and where there is a factual dispute, the *habeas* court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Id*. (internal quotations omitted). While a petitioner's "mere assertion of innocence" does not entitle him to an evidentiary hearing, the district court cannot forego an evidentiary hearing unless "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id*. When petitioner's factual narrative of the events is not contradicted by the record and not inherently incredible and the government offers nothing more than contrary representations, the petitioner is entitled to an evidentiary hearing. *Id*.

### III. ANALYSIS[2]

#### A. Leave to Amend

The decision to grant or deny a motion to amend a § 2255 motion is within the sound discretion of the district court. *United States v. Clark*, 637 F. App'x 206, 208 (6th Cir. 2016). Moreover, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Because Petitioner is proceeding *pro se*, he is entitled to some indulgences, and the Court will, therefore, permit him to amend his § 2255 motion. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Accordingly, to the extent Jones's motion seeks to amend or supplement his § 2255 motion, the Court will **GRANT** this motion.

#### B. Ineffective Assistance of Counsel

---

[2] The Court determined in its first opinion denying Petitioner's § 2255 motion that his motion was timely filed. (*See* Doc. 8 in 1:18-cv-257.)

Petitioner asserts that he is entitled to relief under 28 U.S.C. § 2255 because he received ineffective assistance of counsel. (*See* Doc. 10 in 1:18-cv-257.) Specifically, he argues that his counsel was ineffective for failing to: (1) move to suppress evidence obtained pursuant to the search warrant of Petitioner's vehicle because the affidavit in support of the warrant did not establish the reliability of the confidential informant relied on by officers; (2) request certain discovery, including the identity of the confidential informant and his involvement with the case; (3) object to the drug quantity attributed to him at sentencing; and (4) inform Petitioner of his "right to have the charged drug quantity determined by a jury." (Doc. 10, at 6–12.)

To collaterally attack his conviction based on ineffective assistance of counsel, Petitioner must establish "that [his] lawyers performed well below the norm of competence in the profession and that this failing prejudiced [his] case." *Caudill v. Conover*, 881 F.3d 454, 460 (6th Cir. 2018) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The performance inquiry requires the defendant to "show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The prejudice inquiry requires the defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *See Rodriguez-Penton v. United States*, 905 F. 3d 481, 487 (6th Cir. 2018) (quoting *Strickland*, 466 U.S. at 694). "[T]he inability [of the petitioner] to prove either of the prongs—regardless of which one— relieves the reviewing court of any duty to consider the other." *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (en banc).

There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland, 466 U.S.* at 689. Therefore, the court should

resist "the temptation to rely on hindsight . . . in the context of ineffective assistance claims." *Carson v. United States*, 3 F. App'x 321, 324 (6th Cir. 2001); *see also Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.").

### i. Search Warrant Affidavit

First, Petitioner argues his counsel was ineffective for failing to move to suppress evidence obtained pursuant to the search warrant of Petitioner's vehicle.[3] Petitioner argues that the affidavit in support of the warrant did not establish the reliability of the confidential informant relied on by officers. Petitioner's claim is without merit.

The affidavit for the complaint[4] sworn to by a DEA officer describes that a confidential source ("CS") informed him that Petitioner was the source of his cocaine supply and the CS detailed the nature of his drug transactions with Petitioner. (Doc. 1 in 1:17-cr-71, at 2.) After the CS informed DEA officers that Petitioner usually liked to meet him at a particular location, the officers requested that the CS arrange for a delivery of drugs from Petitioner. (*Id.* at 3.) The CS detailed his interactions with Petitioner and the set plan, including when and where Petitioner would be making the delivery. (*Id.*) The CS informed the officers what type of car Petitioner would be driving and offered a description of Petitioner. (*Id.*) Officers surveilling the location

---

[3] To the extent Petitioner is raising an independent Fourth Amendment violation, this claim is not cognizable on collateral review, because Petitioner failed to raise it prior to his plea. *See* Fed. R. Crim. P. 12(b)(3)(C) (describing that motions for suppression of evidence "must be raised by pretrial motion").

[4] Although Petitioner incorrectly refers to the affidavit for the complaint as the affidavit for the search warrant, this does not affect the Court's analysis.

5

where the CS was to meet Petitioner observed the described car arrive at the agreed-upon location, at the agreed-upon time, driven by a man matching Petitioner's description. (*Id.*)

"A court must look to the 'totality of the circumstances,' including a confidential informant's 'veracity, reliability, and basis of knowledge,' in order to answer 'the commonsense, practical question' of whether an affidavit is sufficient to support a finding of probable cause." *United States v. May*, 399 F.3d 817, 822 (6th Cir. 2005) (quoting *Illinois v. Gates*, 462 U.S. 213, 230 (1983)). "[I]ndependent corroboration of a confidential informant's story is not a *sine qua non* to a finding of probable cause," but without evidence of an informant's reliability, "courts insist that the affidavit contain substantial independent police corroboration." *United States v. Coffee*, 434 F.3d 887, 893 (6th Cir. 2006) (citation omitted).

In this case, the DEA officers "independently—and sufficiently—corroborated the tips" provided to them by the CS when they observed the described suspect, driving the described car, show up at the agreed-upon place at the agreed-upon time. *United States v. Hines*, 885 F.3d 919, 925 (6th Cir. 2018) (describing that police corroboration was sufficient when officers observed the suspect leave and depart a certain address with regularity after a CS informed officers that the suspect was selling large quantities of heroin out of that residence and officers witnessed the suspect leave the residence and drive to the club at which a CS said the suspect wanted to meet to discuss a shipment of heroin). Because Petitioner has identified no basis for the suppression of evidence, he cannot show that his counsel's performance was constitutionally deficient.

### ii. Discovery Requests

Second, Petitioner argues his counsel was ineffective for failing to conduct certain investigation into the identity of the confidential informant and his involvement with the case. (Doc. 10 in 1:18-cv-257, at 10.) However, Petitioner fails to identify how any investigation into

the identity of the CS would have affected the outcome of his case, or how the result of the proceeding might have been different had his counsel taken such actions. *Strickland*, 466 U.S. at 694.[5] Accordingly, Petitioner has failed to make an adequate showing for relief under § 2255.

### iii. Drug Quantity

Third, Petitioner argues his counsel was ineffective for failing to object to the drug quantity attributed to him at sentencing. (Doc. 10 in 1:18-cv-257, at 10–11.) Petitioner's plea agreement and his revised presentence investigation report ("PSR") reflect that one-half kilogram, or 500 grams, of cocaine were seized from his vehicle. (Doc. 19 in 1:17-cr-71, at 3; Doc. 35 in 1:17-cr-71, at 5.) Additionally, Petitioner confessed to law enforcement that he had conducted at least one other drug transaction with the CS for one-half kilogram, or 500 grams, of cocaine. (Doc. 35 in 1:17-cr-71, at 5.) Based on these amounts, Petitioner's revised PSR calculated him to be at an offense level of 24 for an offense involving at least 500 grams, but less than two kilograms of cocaine. (*Id.*) Because the amount of drugs for which Petitioner was held accountable is no higher than the amount he was found in possession of and confessed to, he cannot show that his counsel should have objected or that the outcome of the proceeding might have been different had his counsel objected. Accordingly, Petitioner has failed to make an adequate showing for relief under § 2255.

### iv. Jury Determination of Drug Quantity

Fourth, Petitioner argues his counsel was ineffective for failing to inform Petitioner of his "right to have the charged drug quantity determined by a jury." (Doc. 10 in 1:18-cv-257, at 12.)

---

[5] The Court also notes that Petitioner asserts the CS was receiving multiple "kilos" of cocaine and that he was a high-ranking and major drug distributor. (Doc. 10 in 1:18-cv-257, at 10.) If Petitioner knew the CS, as his arguments indicate, Petitioner "would have known how to contact the informant without the assistance of the government," and his disclosure would have been unnecessary. *United States v. Bost*, 536 F. App'x 626, 633 (6th Cir. 2013).

Drug quantity that affects the statutory sentencing range must be pled to by a defendant or proven beyond a reasonable doubt. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). Petitioner was charged with, pled guilty to, and was ultimately convicted of, possession with intent to distribute a mixture and substance containing a detectable amount of cocaine. (Docs. 11, 19, 30, 41 in 1:17-cr-71.) This offense contains no drug-quantity minimum aside from "a detectable amount of cocaine" and, accordingly, when Petitioner pled guilty to this offense, he admitted all of the elements of the offense. (Doc. 48 in 1:17-cr-71, at 11, 17.) Ultimately, Petitioner was sentenced to forty-eight months' imprisonment, which falls within the zero-to-thirty-years' imprisonment statutory range for this offense. Thus, Petitioner was not entitled to a jury determination of the drug quantity he was held responsible for, and there was no basis for his counsel to object. *See United States v. Johnson*, 732 F.3d 577, 583–84 (6th Cir. 2013). Accordingly, Petitioner has failed to make an adequate showing for relief under § 2255.

## IV.    CONCLUSION

For the reasons stated herein, the Court finds that no evidentiary hearing for this motion brought pursuant to 28 U.S.C. § 2255 is necessary and, on the basis of the record before it, that Petitioner is not entitled to relief. Accordingly, the Court **GRANTS** Jones's motion to the extent he seeks to amend or supplement his § 2255 motion but **DENIES** Petitioner's motion to the extent it seeks relief under § 2255. Should Petitioner give timely notice of an appeal from this Order, such notice will be treated as an application for a certificate of appealability, which is **DENIED** because he has failed to make a substantial showing of the denial of a constitutional right or to present a question of some substance about which reasonable jurists could differ. *See*

28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Additionally, the Court has reviewed this case pursuant to Rule 24 of the Federal Rules of Appellate Procedure and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is **DENIED**. *See* Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**